RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; kjm@lnbyb.com

Counsel for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re:

CITIZENS DEVELOPMENT CORP.,

      Debtor and Debtor in Possession.

Case No. 10-15142-LT11

Chapter 11

**DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIOD BY SEVEN DAYS FOR FILING PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW C. DINOFIA**

[Ex Parte Motion for Order Shortening Notice Period filed concurrently herewith]

[The Debtor has requested a hearing date of March 1, 2011, at 2:00 p.m.]

1

Motion To Extend Exclusivity Period to File Plan
4750

1    Citizens Development Corp., the debtor and debtor in possession in the above-entitled Chapter 11 bankruptcy case, hereby moves (the "Motion") for the entry of an order extending the exclusivity period for the Debtor to file a plan of reorganization from March 24, 2011 to March 31, 2011. The Debtor seeks the foregoing extension without prejudice to it right to seek further extensions of its exclusivity period to obtain acceptance of its plan of reorganization which period is currently set to expire on May 23, 2011.

On January 27, 2011, the Court issued its ruling on the Debtor's substantive consolidation motion and Symphony Asset Pool X, LLC's relief from stay motion. The Court authorized and directed the substantive consolidation of the Debtor's estate with that of LSM Country Club, LLC and LSM Hotel, LLC, and the Court required the Debtor to file a plan of reorganization with evidence of funding on or before March 31, 2011. The Court has scheduled a hearing on the Debtor's disclosure statement for May 25, 2011. The Debtor will file its plan on or before March 31, 2011. The Debtor is requesting a seven day extension of its exclusivity period to file a plan of reorganization.

The Debtor is attempting to formulate its plan of reorganization and obtain the requisite funds to implement a plan. The Debtor is currently discussing financing opportunities with various cash sources and is determining whether there is a need to hire an investment banker to assist the Debtor in its reorganization efforts. The Debtor is also continuing to operate its consolidated business, has complied with administrative requirements and has met its obligations as a debtor-in-possession. The Debtor requires a seven day extension of its exclusivity period to file a plan of reorganization, through and including March 31, 2011, which is the date the Debtor will unquestionably file its plan of reorganization. If the exclusivity period is not extended, the potential need to defend against competing plans of reorganization will detract from the Debtor's ability to devote its resources to operating its business, negotiating with its lenders, obtaining cash commitments, and presenting its plan of reorganization. The Debtor is requesting an extension in good faith and is requesting a very short extension period which the Debtor does not believe will prejudice any party in interest.

Motion To Extend Exclusivity Period to File Plan
4750

Therefore, based on the foregoing, and for other reasons set forth in the Memorandum, the Debtor submits that "cause" exists for granting the Motion and extending the exclusivity period for the Debtor to file a plan of reorganization and obtain acceptance thereof.

Dated: February 15, 2011                CITIZENS DEVELOPMENT CORP.

By:    */s/ Krikor J. Meshefejian*
         RON BENDER
         KRIKOR J. MESHEFEJIAN
         LEVENE, NEALE, BENDER, YOO
         & BRILL L.L.P.
         Counsel for Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. On August 26, 2010 (the "Petition Date"), Citizens Development Corp. a California corporation, the debtor and debtor in possession herein (the "Debtor"), filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"). The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is the owner (either directly or through its affiliates), and operator, of Lake San Marcos Country Club & Resort (the "Resort"). The Resort is located on the shores of the 80-acre Lake San Marcos, in San Diego County, approximately 30 miles north of San Diego. The Resort is comprised of 252 acres of land that includes a 139-room hotel (the "Hotel Property", 18,300 square feet of meeting and banquet space, a private 18-hole championship golf course with clubhouse and pro-shop (the "Country Club Property"), a public 18-hole executive golf course, three restaurants, a fitness center, four tennis courts, two outdoor swimming pools and the 80-acre Lake San Marcos.

3. On January 27, 2011, the Court issued its ruling on the Debtor's substantive consolidation motion and Symphony Asset Pool X's relief from stay motion. The Court authorized and directed the substantive consolidation of the Debtor's estate with that of LSM Country Club, LLC and LSM Hotel, LLC, and the Court required the Debtor to file a plan of reorganization with evidence of funding on or before March 31, 2011. The Court has scheduled a hearing on the Debtor's disclosure statement for May 25, 2011.

4. The Debtor's exclusivity period to file a plan expires on March 24, 2011. The Debtor will file its plan on or before March 31, 2011. The Debtor is requesting a seven day extension of its exclusivity period to file a plan of reorganization so that during the very narrow time between the current expiration date of plan filing exclusivity and the date the Debtor is required to file a plan, another plan is not proposed which would detract the Debtor from pursuing

its own reorganization efforts.

5.   The Debtor is attempting to formulate its plan of reorganization and obtain the requisite funds to implement a plan.  The Debtor is currently discussing financing opportunities with various cash sources and is evaluating the need to hire an investment banker to assist the Debtor in its reorganization efforts.  The Debtor is also continuing to operate its consolidated business, has complied with administrative requirements and has met its obligations as a debtor-in-possession.

6.   The Debtor requires a seven day extension of its exclusivity period to file a plan of reorganization, through and including March 31, 2011, which is the date the Debtor will unquestionably file its plan of reorganization.  If the exclusivity period is not extended, the potential need to defend against competing plans of reorganization will detract from the Debtor's ability to devote its resources to operating its business, negotiating with its lenders, obtaining cash commitments, and presenting its plan of reorganization.  The Debtor is requesting an extension in good faith and is requesting a very short extension period which the Debtor does not believe will prejudice any party in interest.

## II.

## DISCUSSION

**A.   The Court Has Authority To Extend the Debtor's Exclusivity Periods for the Filing of a Plan and Obtaining Acceptance Thereof.**

Pursuant to Sections 1121(b) and (c) of the Bankruptcy Code, a Chapter 11 debtor has the exclusive right to file a plan of reorganization for a period of 120 days following the filing of the petition and an additional 60 days thereafter to obtain acceptances to any plan so filed.  11 U.S.C. §§ 1121(b) & (c).  Section 1121(d) of the Bankruptcy Code allows the Court to extend or reduce these time periods "for cause."  Section 1121(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b)

and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1) & (2).

The decision of whether to grant a request to extend or shorten the exclusivity periods lies within the sound discretion of the bankruptcy judge. In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989). The "cause" standard referred to in Section 1121 has been referred to as a general standard that allows the bankruptcy court "maximum flexibility to suit various types of reorganization proceedings." In re Public Service Company of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988).

The Code does not define "cause" or establish formal criteria for an extension of the exclusivity periods, but legislative history indicates that the term "cause" is to be viewed flexibly "in order to allow the debtor to reach an agreement [with its creditors]." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 220, 231 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6190 [hereinafter "House Report"]; In Re McLean Industries, Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); In re Express One International, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Consistent with a balanced, integrated approach to reorganizations under Chapter 11, Congress contemplated that Bankruptcy Courts would apply the exclusivity provisions flexibly so as to promote the orderly, consensual and successful reorganization of a debtor's affairs. See House Report, supra, at 232.

Among the factors to be considered in finding "cause" to extend the exclusivity periods are: (i) the size and complexity of the case (Grand Traverse Devel. Co. Ltd. Partnership, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992)); (ii) whether a debtor is attempting in good faith to

Motion To Extend Exclusivity Period to File Plan
4750

formulate a viable plan and the degree of progress that has been achieved by the debtor in the Chapter 11 process (In re Jasick, 727 F.2d 1379 (5th Cir. 1984), reh'g denied, 731 F.2d 888 (5th Cir.)); and (iii) a debtor's satisfaction of its post-petition obligations as they come due (In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987)).  While the foregoing are some of the most common factors, a court has discretion to consider others.  See, e.g., Express One, 194 B.R. at 100.  For example, the diligence of management and proper administration of the case is a factor that weighs in favor of an extension of the plan exclusivity periods.  See, In re United Press International, 60 B.R. 265 (Bankr. D.D.C. 1986); In re Trainer's, Inc., 17 B.R. 246, 247 (Bankr. E.D. Pa. 1982).

**B.     Good Cause Exists To Grant the Debtor's Request To Further Extend the Exclusivity Period For the Debtor To File A Plan of Reorganization By Seven Days.**

*1.     The Debtor will file its plan of reorganization on or before March 31, 2011.*

The Court has set a deadline of March 31, 2011 for the Debtor to file its plan of reorganization with evidence of funding adequate to implement such a plan of reorganization. The Court has also tentatively set a hearing on the Debtor's disclosure statement for May 25, 2011.  If the Debtor does not file a plan as ordered by the Court, Symphony will be able to foreclose upon the Hotel Property.

The Debtor is attempting to formulate its plan of reorganization and obtain the requisite funds to implement its plan.  The Debtor is currently discussing financing opportunities with various cash sources and determining whether hiring an investment banker is feasible and necessary.  The Debtor is also continuing to operate its consolidated business, has complied with administrative requirements and has met its obligations as a debtor-in-possession.  The Debtor will file its plan prior to or on March 31, 2011 in compliance with the Court's order and merely requests an extension of its exclusivity period through and including March 31, 2011.

*2.     The Debtor is current with its post-petition obligations.*

As discussed herein above, the Debtor is authorized to utilize cash collateral pursuant to the terms of the Court's order authorizing the Debtor to use cash collateral, and the Debtor has

concurrently filed a motion for authority to further use cash collateral. The Debtor is also negotiating cash collateral stipulations with various of its lenders. To date, the Debtor has utilized its cash collateral to remain current with its post-petition obligations to creditors. Therefore, this factor weighs in favor of extending the Debtor's plan exclusivity periods.

   *3. The Debtor has been diligent and has properly administered its bankruptcy case.*

As discussed above, the Debtor has properly administered its Chapter 11 case in that the Debtor has complied with all of the material requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Office of the United States Trustee. The Debtor is also operating under a cash collateral order. Under these circumstances, a short extension of the exclusivity periods for filing a plan of reorganization can be granted with the confidence that the Debtor is in full compliance with the requirements that are conditions to the Debtor maintaining its exclusive right to file a plan of reorganization and gain acceptance thereof. As a result, this factor weighs in favor of extending the Debtor's plan exclusivity periods.

   *4. The Debtor requests an extension for the purpose of formulating an appropriate exit strategy in compliance with the Court's order.*

The Debtor's request herein is being made in good faith and not for the purpose of pressuring creditors into acceding to certain plan terms. The requested extension is a seven day extension meant only to ensure that the Debtor may focus on the preparation of its plan and receipt of funding to implement a plan during the crucial days before the Debtor is required submit its plan to the Court. The Debtor's goal is to maximize distributions to all creditors pursuant to a plan but the Debtor does not believe that this goal will be attained if the Debtor is not afforded the entire period of time between now and the date the Debtor is required to file a plan with the Court. The Debtor is not aware of any creditor whose claim or interest would be adversely affected or impaired by the granting of the limited relief requested herein. Therefore, this factor weighs in favor of extending the Debtor's plan exclusivity periods.

Thus, based on all of the foregoing, the Debtor submits that good cause exists for granting the relief requested in the Motion.

# III.
# CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1) extending the exclusivity period for the Debtor to file a plan of reorganization for seven (7) days, to and including March 31, 2011; and

(2) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 15, 2011                    CITIZENS DEVELOPMENT CORP.

By: */s/ Krikor J. Meshefejian*
RON BENDER
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Counsel for Debtor and Debtor in Possession

## DECLARATION OF MATTHEW C. DINOFIA

I, Matthew C. DiNofia, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the President, Chief Executive Officer, and owner of Citizens Development Corp., the Chapter 11 debtor and debtor in possession in the above-referenced bankruptcy case (the "Debtor"). I handle all creditor and lender negotiations for the Debtor. I oversee the management of the Debtor. I handle all potential investor opportunities for the Debtor. I am the person that is most familiar with the Debtor's financial situation and debt structure. I am the only officer of the Debtor that has guaranteed the Debtor's debts.

3. I have access to the books and records of the Debtor and entities related to the Debtor. I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor and its affiliates to accurately and completely take, make, and maintain such records and documents. I am a custodian of records for the Debtor, and have direct knowledge of how the Debtor maintains its books and records.

4. On August 26, 2010 (the "Petition Date"), Citizens Development Corp. a California corporation, the debtor and debtor in possession herein (the "Debtor"), filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"). The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is the owner (either directly or through its affiliates), and operator, of Lake San Marcos Country Club & Resort (the "Resort"). The Resort is located on the shores of the 80-acre Lake San Marcos, in San Diego County, approximately 30 miles north of San Diego. The Resort is comprised of 252 acres of land that includes a 139-room hotel (the "Hotel

Motion To Extend Exclusivity Period to File Plan
4750

Property", 18,300 square feet of meeting and banquet space, a private 18-hole championship golf course with clubhouse and pro-shop (the "Country Club Property"), a public 18-hole executive golf course, three restaurants, a fitness center, four tennis courts, two outdoor swimming pools and the 80-acre Lake San Marcos.

6. On January 27, 2011, the Court issued its ruling on the Debtor's substantive consolidation motion and Symphony Asset Pool X's relief from stay motion. The Court authorized and directed the substantive consolidation of the Debtor's estate with that of LSM Country Club, LLC and LSM Hotel, LLC, and the Court required the Debtor to file a plan of reorganization with evidence of funding on or before March 31, 2011. The Court has scheduled a hearing on the Debtor's disclosure statement for May 25, 2011.

7. The Debtor's exclusivity period to file a plan expires on March 24, 2011. The Debtor will file its plan on or before March 31, 2011. The Debtor is requesting a seven day extension of its exclusivity period to file a plan of reorganization so that during the very narrow time between the current expiration date of plan filing exclusivity and the date the Debtor is required to file a plan, another plan is not proposed which would detract the Debtor from pursuing its own reorganization efforts.

8. The Debtor is attempting to formulate its plan of reorganization and obtain the requisite funds to implement a plan. I, on behalf of the Debtor, am currently discussing financing opportunities with various cash sources and I have also contacted and spoken to on numerous occasions an investment banker to determine whether hiring an investment banker will be beneficial to the Debtor's reorganization efforts. The Debtor is also continuing to operate its consolidated business, has complied with administrative requirements and has met its obligations as a debtor-in-possession.

9. The Debtor requires a seven day extension of its exclusivity period to file a plan of reorganization, through and including March 31, 2011, which is the date the Debtor will unquestionably file its plan of reorganization. If the exclusivity period is not extended, the potential need to defend against competing plans of reorganization will detract from the Debtor's

Motion To Extend Exclusivity Period to File Plan
4750

ability to devote its resources to operating its business, negotiating with its lenders, obtaining cash commitments, and presenting its plan of reorganization. The Debtor is requesting an extension in good faith and is requesting a very short extension period which the Debtor does not believe will prejudice any party in interest.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of February, 2011, in San Diego, California.

_____
Matthew C. DiNofia

Motion To Extend Exclusivity Period to File Plan
4750

| In re: | CHAPTER 11 |
|---|---|
| CITIZENS DEVELOPMENT CORP., Debtor(s). | CASE NO. 10-15142-LT11 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as:  **DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIOD BY SEVEN DAYS FOR FILING PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW C. DINOFIA** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **February 15, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender     rb@lnbyb.com
- Judith A. Descalso     descalso@pacbell.net
- Philip J Giacinti     pjg@procopio.com, caw@procopio.com;laj@procopio.com
- Haeji Hong     Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov;shannon.m.vencill@usdoj.gov;tiffany.l.carroll@usdoj.gov
- Raffi Khatchadourian     raffi@hemar-rousso.com
- Dean T. Kirby     dkirby@kirbymac.com, jrigg@kirbymac.com;gsparks@kirbymac.com;rrobinson@kirbymac.com;jcastranova@kirbymac.com;jlewin@kirbymac.com
- Christina Melhouse     cm@ldplaw.com
- Krikor Meshefejian     kjm@lnbyb.com
- Andrew S. Pauly     apauly@gpfm.com
- Richard J. Pekin     rpekin@foxjohns.com
- Wayne R. Terry     wterry@hemar-rousso.com, mgranzow@hemar-rousso.com
- Kelly Ann Mai Khanh Tran     ktran@mkblaw.com, ssandbeck@mkblaw.com
- United States Trustee     ustp.region15@usdoj.gov
- Dennis J. Wickham     wickham@scmv.com, havard@scmv.com
- Alan Steven Wolf     wdk@wolffirm.com;faxes@wolffirm.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**  On **February 15, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service and/or by attorney service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*By Overnight Mail*
Hon. Laura S. Taylor
U.S. Bankruptcy Court
Jacob Weinberger U.S. Courthouse
325 West F Street, Room 129
San Diego, CA 92101-6998

                                        [X] Service list attached

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 15, 2011 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**II. SERVED BY U.S. MAIL:**

| | | |
|---|---|---|
| Acushnet/Titlest<br>P.O. Box 88112<br>Chicago, IL 60695-1112 | Bank Of America<br>P.O. Box 15731<br>Wilmington, DE 19886-5731 | Liz Tuquero<br>Bank Of The West<br>180 Montgomery Street, 25th Floor<br>San Franisco, CA 94279-8006 |
| CA State Board Of Equalization<br>P.O. Box 942879<br>Sacramento, CA 94279-8006 | California Credit Union<br>701 N. Brand Blvd, 3rd Floor<br>Glendale, CA 91203 | Dept Of Water Resources<br>P.O. Box 942836<br>Sacramento, CA 94236-0001 |
| El Toreador Property Group/J. Serhan<br>c/o Wm. J. Caldarelli, Esq.<br>550 West. C Street, Ste 700<br>San Diego, CA 92101 | Foley & Lardner LLP<br>555 South Flower Street<br>Suite 3500<br>Los Angeles, CA 90071-2411 | German American Capital Corporation<br>60 Wall Street, 10th Floor<br>New York, NY 10005 |
| Haineslaw<br>Laurence F. Haines, Esq.<br>139 East Third Ave., Ste. #108<br>Escondido, CA 92025 | Jani-King Of California, Inc.-SDO<br>File 749318<br>Los Angeles, CA 90074-9318 | Kitabayashi Design Studio<br>1227 J Street<br>San Diego, CA 92101 |
| Ron Frazar<br>P.O. Box 4970<br>Whitefish, MT 59937 | San Diego County Treasurer-Tax Collector<br>P. O. Box 129009<br>San Diego, CA 92112 | Steve I. Kastner, Esq.<br>101 West Broadway, #1700<br>San Diego, CA 92101 |
| Tig Global LLC<br>14851 Collections Center Dr<br>Chicago, IL 60693 | Vallecitos Water District<br>201 Vallecitos De Oro<br>San Marcos, CA 92069-1453 | Vanorsdale Insurance Services<br>4909 Murphy Canyon Rd Ste 510<br>San Diego, CA 92123 |
| Worldwide Payment Systems S.A.<br>Torneo, 72<br>41002 Sevilla. **SPAIN** | Mainfest Funding Services<br>PO Box 790448<br>St. Louis, MO 63179 | Eric Dean<br>The Wolf Firm<br>2955 Main Street, 2nd Floor<br>Irvine, CA 92614 |
| William J. Caldrelli<br>Mazzorella Caldarelli LLP<br>550 West C Street<br>Suite 700<br>San Diego, CA 92101 | Mulvaney, Kahan & Barry LLP<br>Everett G. Barry, Jr., Esq.<br>Kelly Ann Tran, Esq.<br>401 West A Street, 17th Floor<br>San Diego, CA 92101-1010 | Gordon L. Gerson/Jana M. Beck<br>Gerson Law Firm APC<br>9255 Towne Centre Drive, Suite 300<br>San Diego, CA 92121 |
| Chris Dinofia<br>1710 S. El Camino Real, #E204<br>Encinitas, CA 92024 | Citicapital Commercial Corp.<br>3950 Regent Blvd.<br>Irving TX 75063-0000 | Citicapital Commercial Leasing Corp.<br>3950 Regent Blvd.<br>Irving TX 75063-0000 |

4750

| | | |
|---|---|---|
| D&A Semi-Annual Mortgage Fund Iii<br>10251 Vista Sorrento Parkway<br>Suite 200<br>San Diego CA 92121-0000 | Javier Serhan<br>530 B Street<br>Suite 1530<br>San Diego CA 91311-0000 | Pacific West Realty Group<br>2550 5th Avenue, Suite 529<br>San Diego CA 92103-0000 |
| Telesis / Business Partners<br>Commercial Loan Dept<br>9301 Winnetka Ave<br>Chatsworth CA 92101-0000 | US Bancorp<br>P.O. Box 580337<br>Minneapolis MN 55458-0000 | Office of The United States Trustee<br>402 W. Broadway, Suite 600<br>San Diego, CA 92101-8511 |

4750